Opinion of the Court.
THIS bill was filed on the 17th of October 1815, by Allen and the children and heirs of William Smith, deceased, claiming a moiety of 885 acres of land, the legal title of which is in the defendants, the children and heirs of Mrs. Beall, who was one of the children and heirs of William Kennedy, deceased. The bill alleges that Smith in his lifetime, and Allen, in an early period of this country, were in partnership in securing lands; that Allen, having discovered some vacant land in the now county of Campbell, agreed with William Kennedy, that he should furnish the location and Kennedy the warrant, and each have an equal share of so much land as should be saved; that Allen having made out the location, an entry was made accordingly, on a warrant in the name of Kennedy, for 5,150 acres, bearing date the 5th of August 1785; that Kennedy afterwards, being about to move from Mercer and settle in Campbell, agreed to have the entry, or so much as should be clear of dispute, surveyed; that accordingly a survey was made by Kennedy, of 885 acres, on the 18th of October 1798, in virtue of which a patent issued to Kennedy, bearing date the 3d of June 1799; that by Kennedy’s death, and some arrangement amongst the heirs, the title passed to Beall and his wife, who was one of his heirs; and that, by their death, the title has descended to the present defendants.
The defendants, by their answer, profess an entire ignorance of the complainants’ right, and plead and rely upon the statute of limitations.
The circuit court, on a final hearing, dismissed the bill, and the complainants have appealed to this court.
*297 1. The contract on which the complainants' claim is founded, is, no doubt, sufficiently proved, not indeed by the testimony of witnesses who were present at the making of the contract, but by proof of the acknowledgment, first of Kennedy, and afterwards of Beall, the immediate ancestor of the defendant, after the title had come into his hands. But the last of their acknowledgments was made about fifteen years before the filing of the bill, and the question occurs, whether, after such a lapse of time, the statute of limitations is not a bar to relief in equity.
That the statute would be a bar to an action at law upon the contract, is most evident; for the contract was a verbal one, and although it was nevertheless valid, inasmuch as the statute against frauds and perjuries did not exist in this country, when the contract was made ; yet none but an action of assumpsit could be maintained upon it, and an action of assumpsit is barred by the statute of limitations, if not brought within five years after the cause of action accrues. The statute could not begin to run, until there was a breach of contract; but Kennedy was certainly bound to convey, when the patent issued, and his failure to do so, was a breach of the contract. Upon the emanation of the patent, therefore, the cause of action accrued, and the statute would then begin to run, which was more than sixteen years before filing the bill. Nor would the circumstance that some of the heirs of Smith, who was a partner of Allen, were infants when the cause of action accrued, and remained so, until with, in less than five years before the suit was brought, prevent the statute from running; for it is settled, that the whole of the plaintiffs, in such a case, must be infants, or labor under some other disability, to prevent the statute from operating as a bar; and it is not pretended, that Allen labored under any disability.
2. If, then, the statute would have operated as a bar to an action at law, founded upon the contract, it would seem to follow, that it must operate equally as a bar to a suit in equity, founded upon the same contract; for a court of equity is as much bound by the statute, as a court of law. In fact, in all cases, the same rules of propriety and the same rules of decision, govern both courts; and it is, therefore, a settled rule, that a court of equity will not decree the specific *298 execution of a contract, upon which a court of law will not give damages.
It is, therefore decreed and ordered, that the decree aforesaid be affirmed; which is ordered to be certified to said circuit court.
It is further decreed and ordered, that the appellees recover of the appellants their costs in this behalf expended.